IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE WOODS, | : | NO: |
| Plaintiff | : | |
| | : | JUDGE: |
| vs. | : | |
| | : | |
| CLINTON COUNTY, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff Christine Woods is an adult individual currently residing at 119 N. Vesper Street, Lock Haven, Clinton County, Pennsylvania, 17745.

2. Defendant Clinton County is a municipality which conducts business at an office located at 232 East Main Street, Lock Haven, Clinton County, Pennsylvania, 17745.

3. This Court has jurisdiction over the claims asserted in this Complaint pursuant to the provisions of 28 U.S.C. §§1331, 1343, and 1367.

4. Venue lies in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

5. Plaintiff is a female.

6. Complainant was employed continuously with the Clinton County Department of Emergency Services as a Dispatcher from approximately September 2004 through May 2, 2016.

7. Kevin Fanning has been Complainant's supervisor and overall Director of the Department of Emergency Services, with full supervisory, hiring, and firing powers since

1

...

he was hired in January 2005.

8. In the Fall of 2008, Complainant became a full time employee of the Department, subject to a 90 day probation period.

9. During that period, Fanning put pressure on Plaintiff to perform sexual acts with him, and she did in fact perform fellatio on him, in his office, during work hours.

10. Fanning's requests for Plaintiff to perform sexual favors ceased on December 19, 2008, after Complainant's then-husband became aware of Fanning's conduct.

11. Despite many qualified applications for positions in the Department throughout her term, Complainant has not been promoted.

12. At the time that Plaintiff's employment ceased with Defendant, the Department consisted of 21 employees, as follows: 14 Dispatchers, of which Complainant was the only female, four male Shift Supervisors, one Quality Assurance Supervisor, who is now female, one male 911 Training and Operations Coordinator, and the Director, Kevin Fanning.

13. In February 2015, Complainant applied for a vacant Shift Supervisor position, for which she was the most qualified candidate, but Fanning gave the job to a male employee.

14. In December 2015, Complainant applied for the vacant Quality Assurance Supervisor position, and was once again the most qualified candidate.

15. Fanning filled the position with a woman who had left the Department over two years prior and had to activate her certifications for the position.

16. In March 2016, three Shift Supervisor positions became open, and Plaintiff

applied, once again being, by far, the most qualified applicant.

17. Fanning filled the positions with three males who had respectively, four years, three years, and less than three years experience.

18. For years, Fanning has avoided speaking with Complainant at work unless compelled to do so.

19. Based this discriminatory and hostile office culture, other male supervisors in the Department ostracized Complainant, refusing to speak with her at all unless forced to do so by the circumstances.

20. In April 2016, Complainant took her concerns over the Defendant's discriminatory actions, as detailed throughout this Complaint, to the Clinton County Commissioners for redress.

21. The Commissioners conducted an "investigation" and concluded that Complainant had caused her failure to be promoted and ostracization within the workplace by attempting to hold her male supervisors accountable for their actions.

22. Based upon this chain of discriminatory and hostile work events, Complainant was constructively discharged from her job by Defendants, when she resigned on May 2, 2016.

## COUNT I

## TITLE VII 42 U.S.C. §2000e ET. SEQ.

## SEX DISCRIMINATION

23. Paragraphs 1 through 22 are incorporated herein by reference as though set forth in full.

24. Plaintiff was subjected to workplace discrimination while employed by Defendant. Defendant's actions in refusing to promote Plaintiff for the open Shift Supervisor and Quality Assurance Supervisor Positions, establishing a hostile work environment, repeatedly backing Fanning and endorsing his actions in his discrimination against Plaintiff, repeatedly promoting males and other less qualified individuals over Plaintiff, and constructively discharging her constitute sex discrimination in violation of Title VII of the Civil Rights Act.

25. As a direct and proximate result of Defendant's unlawful discrimination in violation of Title VII of the Civil Rights Act, Plaintiff suffered damages, including but not limited, to lost wages, benefits, seniority, and mental and emotional anguish.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendant together with compensatory damages, as well as reasonable attorney fees and costs and any such other relief as the Court deems just and appropriate.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS COMMISSION ACT

### DISCRIMINATION

26. Paragraphs 1 through 25 are incorporated herein by reference as though set forth in full.

27. Plaintiff was subjected to workplace discrimination while employed by Defendant. Defendant's actions in refusing to promote Plaintiff for the open Shift Supervisor and Quality Assurance Supervisor Positions, establishing a hostile work environment, repeatedly backing Fanning and endorsing his actions in his

discrimination against Plaintiff, repeatedly promoting males and other less qualified individuals over Plaintiff, and constructively discharging her constitute sex discrimination in violation of the Pennsylvania Human Relations Act.

28. As a direct and proximate result of Defendant's unlawful discrimination in violation of Title VII of the Civil Rights Act, Plaintiff suffered damages, including but not limited, to lost wages, benefits, seniority, and mental and emotional anguish.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendant together with compensatory damages, as well as reasonable attorney fees and costs and any such other relief as the Court deems just and appropriate.

SCHEMERY ZICOLELLO

By: s/Joshua J. Cochran
    Joshua J. Cochran
    I.D. #206807
    Attorneys for Plaintiff

333 Market Street
Williamsport, PA 17701
Telephone: (570) 321-7554
Facsimile: (570) 321-7845
Email: josh@sz-law.com